**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RANDY'S TRUCKING INC., and STAR INSURANCE COMPANY,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>CITY OF SHAFTER, COUNTY OF KERN, STATE OF CALIFORNIA, CALTRANS, AMTRAK, NATIONAL RAILROAD PASSENGER CORPORATION, BURLINGTON NORTHERN SANTA FE RAILROAD, BNSF RAILWAY COMPANY, and DOES 1 through 100,<br><br>　　　　　　　　　　Defendants.<br>_____<br>AND RELATED COUNTERCLAIMS and CROSS-CLAIMS | 1:08-CV-00819-OWW-DLB<br><br>MEMORANDUM DECISION AND ORDER RE DEFENDANT STATE OF CALIFORNIA'S MOTION TO DISMISS |

**I. INTRODUCTION**

Before the court is a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) brought by the State of California (State) through its Department of Transportation (Caltrans). The State contends that the claims asserted against it and its Department of Transportation are barred by the Eleventh Amendment and must be dismissed. Plaintiffs Randy's Trucking, Inc. and Star Insurance Company (plaintiffs) concede that the claims asserted against the State and its Department of Transportation are barred by the Eleventh Amendment. Plaintiffs argue, however, that the court can and should remand (rather than dismiss) these claims back

1

to the state court from which this action was removed. Alternatively, in the event the court "elect[s] to actually dismiss" the barred claims, "[p]laintiffs request that the dismissal be without prejudice." (Doc. 38 at 2.)

## II. PROCEDURAL HISTORY

In May 2008, plaintiffs filed a form complaint in the California Superior Court in Kern County against the State, its Department of Transportation, the City of Shafter, the County of Kern, Amtrak, the National Railroad Passenger Corporation, Burlington Northern Santa Fe Railroad, and Does 1 through 100. In the complaint, plaintiffs allege that in July 2007 an "AMTRAK/NRPC train on BURLINGTON/BNSF tracks struck [a] tractor trailer rig owned by Plaintiff RANDY'S and insured by STAR, severely damaging said rig." (Doc. 1, Ex. A at 4.) Plaintiffs attribute the incident to "[n]egligent operation of the train" and "negligence in the location of the stop sign where Randy's truck was stopped when it was struck." (Doc. 1, Ex. A at 5.) The complaint contains two causes of action, one for General Negligence and the other for Premises Liability, and both are asserted against the State and its Department of Transportation among other defendants. (Doc. 1, Ex. A at 3-5.)

In June 2008, defendant National Railroad Passenger Corporation (Amtrak) removed plaintiffs' complaint to federal court.[1] (Doc. 1.)  In its notice of removal (Doc. 1), Amtrak

---

[1] The National Railroad Passenger Corporation is commonly known as "Amtrak." *See Guidroz-Brault v. Mo. Pac. R.R. Co.*, 254 F.3d 825, 827 (9th Cir. 2001).

asserted that federal question jurisdiction exists because Amtrak is "incorporated by an Act of Congress (45 U.S.C. § 501, et seq.), and the United States of America owns more than 50% of [its] capital stock (28 U.S.C. § 1349)." *See Vasquez v. North County Transit Dist.*, 292 F.3d 1049, 1060 (9th Cir. 2002); *Rosenthal v. City of San Leandro*, No. C01-03169WHA, 2002 WL 1813099, at *1 (N.D. Cal. July 26, 2002); *see also In re Rail Collision Near Chase, Md. On Jan. 4, 1987 Litig.*, 680 F. Supp. 728 (D. Md. 1987). As far as the record reveals, neither the State nor its Department of Transportation consented to the removal and plaintiffs do not contend otherwise. *See Embury v. King*, 361 F.3d 562, 563, 566 (9th Cir. 2004) (concluding that by joining in a removal to federal court a state waives Eleventh Amendment immunity). After removal, the State filed the instant motion to dismiss on Eleventh Amendment grounds.[2]

### III.  DISCUSSION AND ANALYSIS

Given plaintiffs' concession that, under the Eleventh

---

[2] Although the State brought its motion under Rule 12(b)(1) for lack of subject matter jurisdiction, as discussed further in the body of this order, "Eleventh Amendment immunity is a defense, not a jurisdictional failure." *Mills v. Bodman*, No. C05-1315C, 2005 WL 2455017, at *2 n.1 (W.D. Wash. Oct. 4, 2005). Nevertheless, this court can dismiss claims which the Eleventh Amendment bars, especially when the State has raised the issue. *See Yakama Indian Nation v. State of Wash. Dep't of Revenue*, 176 F.3d 1241, 1245 (9th Cir. 1999); *Confederated Tribes & Bands of Yakama Indian Nation v. Locke*, 176 F.3d 467, 469 (9th Cir. 1999). "Thus, despite Defendant's inaccurate framing of his Eleventh Amendment argument as a question of subject matter jurisdiction, the Court will consider the Eleventh Amendment as a basis for dismissal apart from Federal Rule of Civil Procedure 12(b)(1)." *Mills*, 2005 WL 2455017, at *2 n.1.

Amendment, the claims against the State and its Department of Transportation cannot proceed in federal court, the only remaining issues are whether the district court has the power to remand the barred claims and, if so, whether a remand is warranted. Absent the power to remand, dismissal is the only alternative. Plaintiffs assert that this court has the power to remand the barred claims by virtue of the Supreme Court's decision in *Wisconsin Department of Corrections v. Schacht*, 524 U.S. 381 (1998). As discussed below, this argument lacks merit.

A state's immunity from suit in federal court, embraced by the Constitution's structure and confirmed by the Eleventh Amendment, is a fundamental aspect of its sovereignty. *Alden v. Maine*, 527 U.S. 706, 713 (1999); *In re Lazar*, 237 F.3d 967, 974-95 (9th Cir. 2001). The immunity from suit offered by the Eleventh Amendment, "however, does not automatically destroy original jurisdiction. Rather, the Eleventh Amendment grants the State a legal power to assert a sovereign immunity defense should it choose to do so." *Schacht*, 524 U.S. at 389; *see also Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267 (1997) ("The Amendment, in other words, enacts a sovereign immunity from suit, rather than a nonwaivable limit on the Federal Judiciary's subject-matter jurisdiction."). Eleventh Amendment immunity extends to state agencies and departments sued in federal court. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).

In *Schacht*, the case upon which plaintiffs rely, the Supreme Court concluded:

> A State's proper assertion of an Eleventh Amendment bar after removal means that the federal court cannot hear the barred claim. But that circumstance does not destroy

4

>    removal jurisdiction over the remaining [federal] claims
>    in the case before us. A federal court can proceed to
>    hear those other claims . . . .

524 U.S. at 392-93.  Although *Schacht* explicitly held that a district court cannot retain any claims barred by the Eleventh Amendment, contrary to what plaintiffs' suggest, *Schacht* did not address how a court should go about disposing of the immunity barred claims, i.e., whether a court should dismiss or remand them. The Court did not reach this issue.

An argument was made and rejected in *Schacht* that the presence of one claim barred by the Eleventh Amendment required remand of the entire *case* – even as to non-barred claims – pursuant to 28 U.S.C. § 1447(c).  524 U.S. at 391-92.  In pertinent part, § 1447(c) reads: "[I]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the *case* shall be remanded." (Emphasis added.)  In rejecting the argument, the Supreme Court reasoned:

>    Even making the assumption that Eleventh Amendment
>    immunity is a matter of subject-matter jurisdiction-a
>    question we have not decided-we reject respondent's
>    argument because we do not read the statute in this way.
>    An ordinary reading of the language indicates that the
>    statute refers to an instance in which a federal court
>    'lacks subject matter jurisdiction' over a 'case,' and
>    not simply over one claim within a case. Cf. § 1441(c)
>    (permitting 'the entire case' to be removed or remanded,
>    when one or more 'non-removable claims or causes of
>    action' is joined with a federal question 'claim or cause
>    of action'). Conceivably, one might also read the
>    statute's reference to 'case' to include a claim within
>    a case as well as the entire case. But neither reading
>    helps Schacht. The former reading would make the
>    provision inapplicable here; the latter would make it
>    applicable, but requires remand only of the relevant
>    claims, and not the entire case as Schacht contends.

*Schacht*, 524 U.S. at 391-92.  The Ninth Circuit has recognized that *Schacht* did not conclude, but "left open the possibility," that

claims within a removed case that are barred by the Eleventh Amendment can be remanded pursuant to § 1447(c). *Lee v. Am. Nat'l Ins. Co.*, 260 F.3d 997, 1007 n.8 (9th Cir. 2001). In *Lee*, the court did not decide this issue. *Id.* at 1007. Since *Lee*, it appears neither the Ninth Circuit nor the Supreme Court has resolved the issue.

Recently, however, the Ninth Circuit reaffirmed its view that, although the Eleventh Amendment precludes federal courts from hearing cases against states, a "'dismissal based on Eleventh Amendment immunity is not a dismissal for lack of subject matter jurisdiction,' but instead rests on an affirmative defense." *Elwood v. Drescher*, 456 F.3d 943, 949 (9th Cir. 2006) (*quoting Miles v. California*, 320 F.3d 986, 988 (9th Cir. 2003)); *see also Tritchler v. County of Lake*, 358 F.3d 1150, 1153-54 (9th Cir. 2004). Accepting this as true, then § 1447(c), which permits remand when "subject matter jurisdiction" is lacking, does not authorize remand of the claims barred by the Eleventh Amendment. Because neither *Schacht* nor § 1147(c) authorizes a remand of plaintiffs' claims, the power to remand must come, if at all, from some other controlling authority. In their opposition brief, plaintiffs did not identify any such authority, nor has any such authority been located that is directly on point. *Cf. Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 345, 357 (1988) (concluding that a district court has discretion to remand pendent state-law claims when all federal-law claims in the action have been eliminated prior to trial).

There is no argument in the briefing that a dismissal would cause undue prejudice to plaintiffs. For example, at the hearing

6

on this motion, the court noted that there was no argument that plaintiffs' claims would be time-barred by the statue of limitations if a dismissal were ordered (and thus no occasion to consider how such circumstances would ultimately bear on this case).  In response to this, plaintiffs orally suggested that the statute of limitations may pose a problem.  After plaintiffs verbally requested additional time to look into the issue more fully, which the court stated it would allow; the State, on the record, stipulated to a remand of the immunity barred claims. Plaintiffs indicated their consent on the record.

## IV.   CONCLUSION

Plaintiffs' complaint asserts claims against the State and its Department of Transportation.  Plaintiffs concede that Eleventh Amendment immunity precludes maintenance of these claims in federal court.  In light of the stipulation to remand, the parties are directed to submit a proposed order/stipulation to remand this case to the Kern County Superior Court. *CDN Inc. v. Kapes*, 197 F.3d 1256, 1258 (9th Cir. 1999) ("Because stipulations serve both judicial economy and the convenience of the parties, courts will enforce them absent indications of involuntary or uninformed consent."); *Nichia Corp. v. Seoul Semiconductor Co., Ltd.*, No. C 06-0162 MMC, 2007 WL 2533729, at *2 (N.D. Cal. Aug. 31, 2007) ("This Court has routinely enforced agreements reached in open court-as they are agreements 'not only between the parties, but also between them and the court, which the latter is bound to enforce.' (*quoting Hamilton v. Willms*, No. CV F 02-6583 AWI SMS, 2007 WL 707518, at *10 (E.D. Cal. Mar. 6, 2007))); *Bonvillian v. United Auto Credit*, No. CV F 05-1346 LJO NEW, 2007 WL 810097, at *4

7

**(E.D. Cal. Mar. 15, 2007) (ordering parties, after a stipulation to remand, to "submit a proposed order/stipulation to remand this case to the Kern County Superior Court");** *see also In re Suchy*, **786 F.2d 900, 902-03 (9th Cir. 1985) ("[I]t is well settled that a court has inherent power to enforce summarily a settlement agreement involving an action pending before it.").**

IT IS SO ORDERED.

**Dated:   December 5, 2008**               /s/ Oliver W. Wanger
                                       UNITED STATES DISTRICT JUDGE