# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RANDY'S TRUCKING, INC., et al., | ) | 1:08cv0819 OWW DLB |
| | ) | |
| | ) | ORDER GRANTING PLAINTIFFS' |
| | ) | MOTION TO MODIFY SCHEDULING |
| Plaintiffs, | ) | CONFERENCE ORDER IN PART |
| | ) | |
| v. | ) | (Document 115) |
| | ) | |
| AMTRAK, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiffs/Third Party Plaintiffs Randy's Trucking, Inc., Star Insurance Company and Fernando M. Sandoval (collectively "Plaintiffs") filed the instant motion to modify the Scheduling Conference Order on December 18, 2009. Pursuant to Local Rule 230(g), the Court deemed the matter suitable for decision without oral argument.

## **BACKGROUND**

This is the lead case in three consolidated actions arising out of an accident between an Amtrak train and a truck owned by Randy's Trucking, Inc. ("Randy's"), on July 19, 2007. The actions were consolidated on April 9, 2009.

Plaintiffs Randy's and Star Insurance Co. filed an action for property damage against numerous Defendants, including municipal Defendants and Defendants National Railroad Passenger Corporation ("Amtrak") and Burlington Northern Santa Fe Railroad ("BNSF"). Plaintiffs allege that the location of a stop sign immediately to the west of the railroad tracks is so

1

close to the tracks that a tractor trailer rig cannot stop at the sign without leaving part of the rig on the tracks. Amtrak and BNSF filed cross-complaints for property damage, etc., against Randy's and Fernando Sandoval, the driver. The action was originally filed in the Kern County Superior Court but was removed to this Court on June 11, 2008.

In the consolidated action *Garcia, et al., v. Amtrak, et al.*, 1:09cv331 OWW DLB, which was removed to this Court on February 20, 2009, Garcia Plaintiffs seek personal injury damages from Amtrak and Randy's. After consolidation, Randy's filed a cross-claim for indemnification against Amtrak. Findings and Recommendation to grant Amtrak and BNSF's motion for good faith settlement determination were entered on January 8, 2010, and are currently pending.

The third action is *Roi Smith v. Randy's Trucking, Inc.*, et al., 1:09cv211 OWW DLB, a personal injury action that was removed to the Sacramento Division in 2008 and eventually transferred to this Court on February 2, 2009.

On February 3, 2009, prior to the removal of the *Garcia* action and the day after transfer of the *Smith* action, the Court entered a Scheduling Conference Order. The order set the following deadlines:

| | |
|---|---|
| Non-expert discovery cut-off: | February 12, 2010 |
| Expert discovery cut-off: | March 31, 2010 |
| Expert witness disclosure: | February 12, 2010 |
| Supplemental expert disclosure: | March 11, 2010 |
| Non-dispositive motions: | March 31, 2010; hearing April 23, 2010 |
| Dispositive motions: | February 23, 2010; hearing March 26, 2010 |
| Pre-trial: | April 30, 2010 |
| Trial: | June 8, 2010 |

Plaintiffs filed the instant motion to modify the Scheduling Conference Order on December 18, 2009. Amtrak and BNSF filed a conditional non-opposition on January 15, 2010. Plaintiffs filed a declaration in reply on January 22, 2010. The Smith and Garcia Plaintiffs did not file any oppositions. Amtrak and BNSF filed a supplemental declaration on January 26, 2010.

## **DISCUSSION**

Federal Rule of Civil Procedure 16(b) provides that "[a] schedule shall not be modified except upon a showing of good cause . . ."

1       Plaintiffs initially requested that the Court continue all dates, including trial, based on numerous actions pending in the state courts and the State of California's involvement as a party only in the state actions. Plaintiffs requested that the Court continue trial out sufficiently far so that the trials in the state court could be completed before trial in this action.

      In their conditional non-opposition, Amtrak and BNSF indicate that the parties reached a tentative settlement to extend all dates 90 days. However, Plaintiff Smith did not agree to move the February 12, 2010, non-expert discovery cut off with respect to her claim only.

      In his declaration filed in reply, Plaintiff's counsel, Michael Ott, stated that he agreed to a 90 day extension as a "short term" solution, though he would not agree to the special exception requested by Plaintiff Smith.

      On January 26, 2010, counsel for Amtrak and BNSF indicated that on January 19, 2010, counsel for Plaintiff Smith executed the stipulation extending all dates by 90 days. As of that date, Amtrak, BNSF, the Garcia Plaintiffs and Plaintiff Smith had signed the stipulation. Counsel does not provide any information as to Plaintiffs, the moving party in this motion.

      The Court has not heard further from Plaintiffs, though it appears that the sole objection to the stipulation has been removed. Pursuant to the stipulation, all dates are moved 90 days for *all* parties. Exhibit 1, attached to Supplemental Declaration of Jason B. Shane.

      The Court therefore GRANTS Plaintiffs' motion to modify the Scheduling Conference Order IN PART by moving all dates 90 days. The Plaintiffs SHALL submit a proposed order within ten (10) days of the date of service of this order.

IT IS SO ORDERED.

**Dated: February 1, 2010**    /s/ Dennis L. Beck
UNITED STATES MAGISTRATE JUDGE