UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY'S TRUCKING, INC. and STAR INSURANCE COMPANY v. CITY OF SHAFTER, et al. | 1:08-CV-00819 DLB<br>Lead Case |
| ROI SMITH v. RANDY'S TRUCKING, INC. | 1:09-CV-00211 OWW DLB<br>Consolidated Under Lead Case |
| ROBERT GARCIA, et al., v. AMTRAK, et al. | 1:09-CV-00331 OWW DLB<br>Consolidated Under Lead Case |
| TINA KNOTT v. RANDY'S TRUCKING, INC, et al. | 1:09-CV-01759 OWW DLB<br>Related Case<br><br>ORDER CONSOLIDATING ALL FOUR CASES UNDER LEAD CASE 1:08-CV-0819 |

On December 24, 2009, the parties were directed to inform the court of their positions regarding consolidation the related case, *Knott v. Randy's Trucking, et al.,* 1:09-cv-1759 OWW DLB, with the three cases consolidated under lead case No. 1:09-cv-00819. Doc. 20. at 1. Most, but not all, of the parties to these cases stipulated to consolidation. Doc. 22 (Status Report) at 2. Roi Smith, Tina Knott, the City of Shafter ("City") and the County of Kern ("County") failed to respond to Defendants'

1

circulation on November 11, 2009 of a stipulation regarding consolidation.

The City and County likely failed to respond because dismissals of their clients were forthcoming. *Id*. The reasons for Roi Smith's non-response are unknown. *Id*. Tina Knott apparently has instructed her counsel of record, Mr. Lee, that he should proceed no further as counsel on her behalf, because he was being substituted out as counsel by James Bergener of Bergener & Associates. Bergener & Associates, which does mainly pre-litigation work, planned to transfer the case to Louis E. Dewitt of Dewitt, Algorri, Algorri, but Mr. Dewitt recently passed away. Bergener & Associates has no interest in litigating this matter and Ms. Knott has taken no steps to re-authorize Mr. Lee to act on her behalf. *Id*.

Consolidation is governed by Federal Rule of Civil Procedure 42, which provides:

> (a) Consolidation. If actions before the court involve a common question of law or fact, the court may:
>
> > (1) join for hearing or trial any or all matters at issue in the actions;
> >
> > (2) consolidate the actions; or
> >
> > (3) issue any other orders to avoid unnecessary cost or delay.
>
> (b) Separate Trials. For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate

2

trial, the court must preserve any federal right to a jury trial.

Once a common question has been established, "consolidation is within the broad discretion of the district court." *Paxonet Communs., Inc. v. TranSwitch Corp.*, 303 F. Supp. 2d 1027, 1028-1029 (N.D. Cal. 2003). But "even where cases involve some common issues of law or fact, consolidation may be inappropriate where individual issues predominate." *See In re Consol. Parlodel Litig.*, 182 F.R.D. 441, 447 (D.N.J.1998). To determine whether to consolidate, the interest of judicial convenience is weighed against the potential for delay, confusion, and prejudice caused by consolidation. *Id*. Factors such as differing trial dates or stages of discovery usually weigh against consolidation. 9 Wright & Miller, Federal Practice and Procedure § 2383 (2006).

The above-captioned cases involve common questions of law and fact, as all arise out of the same July 19, 2007 accident at a railroad crossing in the City if Shafter. California, when a tractor trailer owned and operated by Randy's Trucking, Inc., was struck by an Amtrak train.

There will be no prejudice caused by consolidation. The parties to the three cases already consolidated under lead case 1:08-cv-0819 all recently stipulated to continue the trial 90 days until June 18, 2010, so that the *Knott* action can be consolidated with the other matters. *See* 1:08-cv-0819, Doc. 131. Consolidation will avoid unnecessary duplication of party and

3

judicial effort and avoid the substantial danger of inconsistent judgments if the Knott case proceeds separately.

Accordingly, it is appropriate to consolidate the *Knott* matter, 1:09-cv-01759, under the lead *Randy's Trucking* case, 1:08-cv-00819. A scheduling conference in all four cases is set for February 24, 2010, at 8:15 am, in Courtroom 3 (OWW). Ms. Knott is informed that if no appearance is made on her behalf at the scheduling conference, an order to show cause why her case should not be dismissed for lack of prejudice will issue.

SO ORDERED
Dated:  February 9, 2010
                                  /s/ Oliver W. Wanger
                                    Oliver W. Wanger
                            United States District Judge