1

2

3

4

5

6                      UNITED STATES DISTRICT COURT

7                      EASTERN DISTRICT OF CALIFORNIA

8

9   RANDY'S TRUCKING, INC., and STAR )      1:08-cv-0819 OWW SKO
    INSURANCE COMPANY,                )
10                                     )      FINAL PRETRIAL ORDER
                     Plaintiffs,       )
11                                     )      Motion in Limine Date:
         v.                            )      8/27/10 12:00 Ctrm. 3
12                                     )
    CITY OF SHAFTER, etc., et al.,     )      Trial Date:  9/8/10 9:00
13                                     )      Ctrm. 3 (JT-8 days)
                     Defendants.       )
14  _____  )
                                       )
15  AND RELATED ACTIONS, CROSS-        )
    ACTIONS, AND THIRD PARTY ACTIONS   )
16  _____  )

17

18                 I.   JURISDICTION AND VENUE

19       1.   This Federal Court has original jurisdiction over the

20  claims against Defendants National Railroad Passenger Corp.

21  ("Amtrak") because Defendant was incorporated by an Act of

22  Congress (45 U.S.C. § 501, et seq.) and the United States of

23  America owns more than 50% of Amtrak's capital stock (28 U.S.C.

24  § 1349).  (*In re Tail Collision Near Chase, Maryland*, (D. Md.

25  1987) 680 F.Supp. 728, 731.)

26       2.   BNSF claims jurisdiction of BNSF's cross-claim is based

27  upon diversity.  28 U.S.C. § 1367.

28       3.   Defendants Amtrak and BNSF have settled with all

                                  1

Plaintiffs other than Randy's Trucking, Inc., and Star Insurance Company, and stipulations are being circulated to remand the remaining Plaintiff claims settled by Amtrak back to state court.

## II.   JURY/NON-JURY

1.   The parties demand a jury trial.

## III.   FACTS

A.   <u>Undisputed Facts</u>

1.   On July 19, 2007, a train v. truck collision occurred in Shafter, California involving Randy's Trucking, Inc., tractor-tanker rig driven by Defendant Sandoval and insured by Plaintiff Star Insurance Company and an Amtrak train traveling over Defendant BNSF Railway Company's tracks.   The truck belonging to Plaintiff Randy's Trucking, Inc., and insured by Plaintiff Star Insurance Company, suffered property damage.

2.   The Amtrak train and the BNSF railroad tracks and signaling devices were also damaged.

3.   Randy's Trucking, Inc. is a corporation licensed to do and doing business in the State of California.

4.   Defendant Sandoval is an individual resident of the Eastern District of California.

5.   Star Insurance Company is a corporation licensed to conduct a casualty insurance business in California.

6.   Amtrak is a public corporation doing business within the Eastern District of California.

7.   Burlington Northern & Santa Fe Railroad is a corporation, successor to Atchison Topeka & Santa Fe Railroad doing business as a railroad in the Eastern District of California.

2

**B.    Disputed Facts**

1.    Whether Amtrak and its agents and employees were negligent in the operation of the train that struck the Randy's vehicle.

2.    Whether BNSF exercised due care in exercising control over the operation of its railway crossing.

3.    Whether the train-activated warning devices at the subject railroad crossing functioned as designed at the time of the accident.

4.    Whether Fernando Sandoval was either inattentive or deliberately tried to beat the train to the crossing.

5.    Whether Fernando Sandoval exercised due care in operating the tractor-trailer in question.

6.    Whether the State of California exercised due care in the placement of its traffic control devices at the subject railway crossing.

7.    Whether placement of traffic control devices constituted a dangerous condition on public property.

8.    Whether settlements of the related passenger claims and claims under the Federal Employer's Liability Act against Amtrak were reasonable.

9.    Negligence, causation, and the nature and extent of damages for Randy's Trucking, Inc., Star Insurance, Amtrak and BNSF.

### IV.    DISPUTED EVIDENTIARY ISSUES

1.    The parties know of no anticipated dispute concerning admissibility of live and deposition testimony, physical and demonstrative evidence, or the use of special technology at

1  trial.

2               V.   SPECIAL FACTUAL INFORMATION

3  A.    Plaintiffs.

4       1.    On July 19, 2007, a train v. truck collision occurred

5  in Shafter, California involving a Randy's Trucking, Inc.

6  tractor-truck driven by Sandoval, insured by Plaintiff Star

7  Insurance Company, and an Amtrak train traveling over BNSF

8  tracks.

9       2.    Randy's, Star and Sandoval contend that the State of

10 California is liable for this accident.

11 B.    Defendants

12      Plaintiff Randy's Trucking, Inc., and Star Insurance Company

13 claimed damages:

14      1.    Star Insurance Company payments to Randy's Trucking,

15 Inc.:  $30,509.78.

16      2.    Two $1,000 deductibles paid by Randy's Trucking, Inc.,

17 for damages paid by Star Insurance: $2,000.

18      3.    Replacement trailer purchased by Randy's Trucking,

19 Inc.: $36,865.

20      4.    Loss of revenue by Randy's Trucking, Inc., from date of

21 accident to time of placement of replacement trailer into service

22 (8/29/08): $246,240 gross.  (Computed at $60 per hour x 12 hours

23 per day x 6 days per week x 52 weeks, plus $4,320 x 5 weeks.)

24      5.    Amtrak is claiming damages of $1,005,433.60 in

25 equipment repair, loss of use of equipment, train delay,

26 reimbursement of passenger injury settlements, train engineer

27 medical costs, work element costs, and prejudgment interest.

28      6.    BNSF is claiming damages for labor, materials, train

                                4

delay, incentives and other losses, including repair to tracks and equipment, totaling $1,052,080.54, plus interest of $330,324.44 to date of trial of September 8, 2010.

## VI.   RELIEF SOUGHT

1.    Randy's Trucking, Inc., Star Insurance Company, Amtrak and BNSF seek money damages in the amounts as per paragraphs above.

## VII.   DISPUTED ISSUES OF LAW

1.    Randy's contends that its driver Sandoval was obligated, pursuant to California Vehicle Code § 22450(a) to come to a complete stop at the stop sign on the western side of the railroad crossing, leaving a portion of his trailer on the railroad tracks.

2.    BNSF and Amtrak contend that Sandoval violated Vehicle Code § 22451(a)(1).

3.    Randy's contends that the placement of the stop sign at the subject intersection by the State of California was in violation of Vehicle Code § 21350, et seq. (proper placement of stop signs), was negligent and created a dangerous condition of public property.

4.    Both Amtrak and BNSF claim the issues related to adequacy of devices at crossing and design of crossing, and issues related to train speed and engineer training are preempted by federal law.  Randy's, Sandoval, and Star contend that no preemption argument can affect the State of California's potential liability for the placement of the stop sign and stop limit line where Mr. Sandoval was located at the time of the incident.

5

1                          VIII.   ABANDONED ISSUES

2          1.   Although not abandoned, no claims against the State

3    shall be tried in this action.

4          2.   All passenger personal injury claims against Amtrak and

5    BNSF have been settled, claims against the City of Shafter and

6    County of Kern dismissed, and claims against the State removed to

7    State Court.

8          3.   Potential claims for comparative indemnity as between

9    Amtrak and the Randy's Trucking Plaintiffs have not been

10   abandoned or dismissed.   They are reserved.

11                           IX.   WITNESSES

12         1.      Jennifer M. Quinonez
                   853 Oakmont St.
13                 Shafter, CA 93263
                   889-7077
14
           2.      Fernando M. Sandoval
15                 621 Lucard St.
                   Taft, CA 93268
16                 (661) 765-2604

17         3.      Stacy C. Breazeale
                   1303 3rd
18                 Oakland, CA
                   (510) 529-9421
19
           4.      Ranny McCowen
20                 1303 3rd
                   Oakland, CA
21                 (707) 628-7010

22         5.      Lorrine Moran
                   2265 W. Sandy
23                 Caruthers, CA 93609
                   (661) 637-1067
24
           6.      Christa Bennett
25                 1303 3rd
                   Oakland, CA
26                 (707) 628-7010

27   ///

28   ///

                                 6

7.   Pam Keilor
     281 Pine St.
     Shafter, CA 93263
     746-6215

8.   Matthew R. Cardoza
     11608 Linda Lee
     Bakersfield, CA 93312
     587-363

9.   Ronald J. Cardoza
     11608 Linda Lee
     Bakersfield, Ca 93312
     587-0363

10.  Jeffrey S. Cardoza
     8767 Greenfield Park Dr.
     Bakersfield, CA 93307
     833-8178

11.  Pete Van Nuys
     735 S. San Joaquin
     Stockton, CA 93705

12.  Derek Diep
     1303 3rd St.
     Oakland, CA

13.  Lisa Williams
     43321 Holster Dr.
     Bakersfield, CA 93312
     (661) 587-4259

14.  Greg Rowe
     Employee of Randy's Trucking

15.  Randy Griffith
     Principal of Randy's Trucking

16.  Representative of Star Insurance Company

17.  Robert Crommelin, expert

18.  Matt King, Ph.D., expert

19.  April Bacon
     BNSF employee, damages

20.  M.T. Casper
     BNSF employee; work train crew

21.  Kyle Clem
     BNSF employee; damages

///

22. **Marc Cooter**
    Accident witness
    Shafter Police Department

23. **A.J. Gonzalez**
    BNSF employee; work train crew

24. **M.T. Hopkins**
    BNSF employee; work train crew

25. **Jorge Jaime**
    Accident witness
    Shafter Police Department

26. **Jennifer K. Lamkin**
    BNSF employee; damages

27. **Diana Burnett**
    Accident witness
    Shafter Police Department

28. **James Newell**
    BNSF employee; damages

29. **Ken A. Schoenborn**
    BNSF employee; damages

30. **Dennis Skeels**
    BNSF, Manager Signals

31. **John Stilley**
    BNSF, Manager Public Projects

32. **Pat Newell**
    BNSF, Roadmaster

33. **Jim Flynn - expert**

34. **Brian Heikkila - expert**

35. **Charles Yeaser - expert**

36. **Nancy Miller**
    Amtrak employee; damages

37. **Steven Cates, or**
    State of California's person most knowledgeable
    regarding federal funding for crossing
    signalization (preemption issue)

Additional BNSF Witnesses:

38. **CHP Officer Marc Cooter**

39. **CHP Officer Jorge Jaime**

8

1     40.  CHP Officer Diana Burnett

2     Additional National Railroad Passenger
      Corporation and BNSF Railway Company Witness:
3
4     41.  Adam C. Richardson
           BNSF Division Engineer

5     Counsel are each ordered to submit a list of witnesses to

6  the court along with a copy for use by the Courtroom Deputy

7  Clerk, on the same date and at the same time as the list of

8  exhibits are to be submitted as ordered below.

9     CAUTION

10    Counsel are cautioned that expert witnesses, including

11 percipient experts, must be designated as such.  No witness, not

12 identified as a witness in this order, including "rebuttal"

13 witnesses, will be sworn or permitted to testify at trial.

14              X.   EXHIBITS, SCHEDULES AND SUMMARIES

15    The following is a list of documents or other exhibits that

16 the parties expect to offer at trial.

17    CAUTION

18    Only exhibits so listed will be permitted to be offered into

19 evidence at trial, except as may be otherwise provided in this

20 order.  No exhibit not designated in this pretrial order shall be

21 marked for identification or admitted into evidence at trial.

22    1.   Authority for expenditures and BNSF Engineering Summary

23 Report.

24    2.   Map showing mileposts.

25    3.   Invoice 5/22/08 $1,052,080.24 with attachments.

26    4.   Maintenance of "Way Labor, Summary and Details."

27    5.   Material costs, signal and other.

28    6.   Calculations for use tax and material handling.

7.   Calculations for Recovered Material Credit.

8.   Invoice payment listing and outside invoice copies.

9.   Work train expense calculation and detail.

10.  Train/Locomotive Delay, listing, calculation and detail.

11.  Amtrak Loss of Incentives, listing, calculation and detail.

12.  Pre- and post-accident photographs of crossing.

13.  Inspection reports of crossing.

14.  Dispatch tape transcripts.

15.  Signal ticket.

16.  Traffic collision report.

17.  Contract with Department of Transportation June 14, 1976 to upgrade crossing with No. 9 and No. 9A configuration with federal funds.

18.  Track bulletins.

19.  Track chart.

20.  Track timetables.

21.  Caltrans as-built plans for subject roadway.

22.  Brian Heikkila report with exhibits.

23.  James Flynn report with exhibits.

24.  Enlargements, color reproductions and slides for presentation purposes of above documents.

25.  Matt King report with exhibits.

26.  Robert Crommelin report with exhibits.

27.  Scale diagram of accident scene.

28.  Documents supporting amounts paid by Star Insurance Company for damage to property of Randy's Trucking, Inc.

29.  Contract for purchase of replacement trailer by Randy's Trucking, Inc.

30.  California Public Utilities Commission documents disclosed pursuant to Resolution L-391.

31.  Federal Railroad Administration prior accident reports (2).

32.  Charles Yeaser report with exhibits.

33.  Photographs of Amtrak damages.

34.  Department of Transportation Crossing Accident reports.

35.  Event Recorder Custody Log.

36.  Tabular and graph data from locomotive event recorder.

37.  Crossing Signal Inspection Reports, 7/31/06 to 7/05/07.

38.  Deposition exhibits produced by witness John Stilley.

39.  Deposition exhibits produced by witness Robert Skeels.

40.  Deposition exhibits produced by witness Thomas H. Andrews.

41.  Deposition exhibits of witness Randy Griffith, Vol. 1 & 2.

42.  Crossing and signal plans described as "BNSF 7200 903-907 Shafter."

43.  Documents regarding Amtrak work element costs.

44.  Documents regarding Amtrak train delay damages.

### XI.  DISCOVERY DOCUMENTS

Only specifically designated discovery requests and responses will be admitted into evidence.  Any deposition testimony shall be designated by page and line and such designations filed with the Court on or before August 9, 2010. The opposing party shall counter-designate by line and page from

the same deposition and shall file written objections to any question and answer designated by the opposing party and filed with the court on or before August 20, 2010.

Written discovery shall be identified by number of the request.  The proponent shall lodge the original discovery request and verified response with the courtroom deputy one day prior to trial.  The discovery request and response may either be read into evidence, or typed separately, marked as an exhibit, as part of the exhibit marking process, and offered into evidence.

1.    National Railroad Passenger Corporation's Responses to Randy's Trucking, Inc. and Star Insurance Company's Request for Admissions, Set No. One.

2.    BNSF Responses to Randy's Request for Production of Documents, Set One.

3.    BNSF Responses to Randy's Request for Admissions, Set One.

4.    Amtrak's Responses to Randy's Request for Admissions, Set One.

5.    BNSF Responses to Randy's Request for Production of Documents, Set Two.

6.    BNSF Responses to Randy's Request for Production of Documents, Set Three.

7.    BNSF Responses to Randy's Request for Admissions, Set Two.

8.    Amtrak's Responses to Randy's Request for Admissions, Set Two.

9.    Form Interrogatories, Set One, from Randy's Trucking, Inc. and Star Insurance Company to State of California,

1    Department of Transportation, Superior Court of the State of

2    California for the County of Kern, Case No. S-1500-CV-263835 SPC.

3        10.   Responses from State of California, Department of

4    Transportation, to Form Interrogatories, Set One, from Randy's

5    Trucking, Inc. and Star Insurance Company to State of California,

6    Department of Transportation, Superior Court of the State of

7    California for the County of Kern, Case No. S-1500-CV-263835 SPC.

8        11.   Requests for Admission, Set One, from Randy's Trucking,

9    Inc. and Star Insurance Company to State of California,

10   Department of Transportation, Superior Court of the State of

11   California for the County of Kern, Case No. S-1500-CV-263835 SPC.

12       12.   Responses from State of California, Department of

13   Transportation, to Requests for Admission, Set One, from Randy's

14   Trucking, Inc. and Star Insurance Company to State of California,

15   Department of Transportation, Superior Court of the State of

16   California for the County of Kern, Case No. S-1500-CV-263835 SPC.

17       13.   Requests for Production of Documents, Set One, from

18   Randy's Trucking, Inc. and Star Insurance Company to State of

19   California, Department of Transportation, Superior Court of the

20   State of California for the County of Kern, Case No. S-1500-CV-

21   263835 SPC.

22       14.   Responses from State of California, Department of

23   Transportation, to Requests for Production of Documents, Set One,

24   from Randy's Trucking, Inc. and Star Insurance Company to State

25   of California, Department of Transportation, Superior Court of

26   the State of California for the County of Kern, Case No. S-1500-

27   CV-263835 SPC.

28       15.   Special Interrogatories, Set One, from Randy's

13

Trucking, Inc. and Star Insurance Company to State of California, Department of Transportation, Superior Court of the State of California for the County of Kern, Case No. S-1500-CV-263835 SPC.

16.  Responses from State of California, Department of Transportation, to Special Interrogatories, Set One, from Randy's Trucking, Inc. and Star Insurance Company to State of California, Department of Transportation, Superior Court of the State of California for the County of Kern, Case No. S-1500-CV-263835 SPC.

17.  Form Interrogatories, Set Two, from Randy's Trucking, Inc. and Star Insurance Company to State of California, Department of Transportation, Superior Court of the State of California for the County of Kern, Case No. S-1500-CV-263835 SPC.

18.  Responses from State of California, Department of Transportation, to Form Interrogatories, Set Two, from Randy's Trucking, Inc. and Star Insurance Company to State of California, Department of Transportation, Superior Court of the State of California for the County of Kern, Case No. S-1500-CV-263835 SPC.

19.  Special Interrogatories, Set Two, from Randy's Trucking, Inc. and Star Insurance Company to State of California, Department of Transportation, Superior Court of the State of California for the County of Kern, Case No. S-1500-CV-263835 SPC.

20.  Responses from State of California, Department of Transportation, to Special Interrogatories, Set Two, from Randy's Trucking, Inc. and Star Insurance Company to State of California, Department of Transportation, Superior Court of the State of California for the County of Kern, Case No. S-1500-CV-263835 SPC.

21.  Requests for Admission, Set Two, from Randy's Trucking, Inc. and Star Insurance Company to State of California,

1  Department of Transportation, Superior Court of the State of

2  California for the County of Kern, Case No. S-1500-CV-263835 SPC.

3      22.  Responses from State of California, Department of

4  Transportation, to Requests for Admission, Set Two, from Randy's

5  Trucking, Inc. and Star Insurance Company to State of California,

6  Department of Transportation, Superior Court of the State of

7  California for the County of Kern, Case No. S-1500-CV-263835 SPC.

8      23.  Requests for Production of Documents, Set Two, from

9  Randy's Trucking, Inc. and Star Insurance Company to State of

10  California, Department of Transportation, Superior Court of the

11  State of California for the County of Kern, Case No. S-1500-CV-

12  263835 SPC.

13      24.  Responses from State of California, Department of

14  Transportation, to Requests for Production of Documents, Set Two,

15  from Randy's Trucking, Inc. and Star Insurance Company to State

16  of California, Department of Transportation, Superior Court of

17  the State of California for the County of Kern, Case No. S-1500-

18  CV-263835 SPC.

19      25.  Form Interrogatories propounded by State of California

20  to Randy's Trucking, and Responses thereto by Randy's Trucking,

21  Superior Court of the State of California for the County of Kern,

22  Case No. S-1500-CV-263835 SPC.

23      26.  Special Interrogatories propounded by State of

24  California to Randy's Trucking, and Responses thereto by Star

25  Insurance, Superior Court of the State of California for the

26  County of Kern, Case No. S-1500-CV-263835 SPC.

27      27.  Deposition transcripts of:

28          a.  Fernando Sandoval Munguia (aka Sandoval)

1      b.    Randy Griffith, Vols. 1 & 2

2      c.    Lisa Williams

3      d.    Pam Keilor

4      e.    James Flynn

5      f.    John Stilley

6      g.    Robert Skeels

7      h.    Thomas H. Andrews

8      i.    Matthew R. Cardoza

9      j.    Ronald J. Cardoza

10     k.    Jeffrey Cardoza

11     l.    Jennifer Quinonez

12     m.    Kyle Clem (BNSF PMK)

13     n.    Brian Heikkila

14     o.    Charles Yeaser (Amtrak PMK)

15                    XII.   STIPULATIONS

16     1.    The parties agree to good faith settlements of

17 Plaintiffs Smith and Knott and agree that those cases shall be

18 remanded to State Court.

19                 XIII.   AMENDMENTS - DISMISSALS

20     1.    Plaintiffs Smith and Knott are settling out of this

21 Federal case with good faith settlements - unopposed by Randy's

22 Trucking/Sandoval.  With such dismissals, the cases of Smith and

23 Knott must be remanded back to State Court.

24                XIV.   FURTHER TRIAL PREPARATION

25 A.   Trial Briefs.

26     Counsel are directed to file a trial brief in this matter on

27 or before September 2, 2010.  No extended preliminary statement

28 of facts is required.  The brief should address disputed issues

                              16

of substantive law, disputed evidentiary issues of law that will not be resolved in limine, and any other areas of dispute that will require resolution by reference to legal authority.

B.    Duty of Counsel To Pre-Mark Exhibits.

1.    Counsel for the parties are ordered to meet and conduct a joint exhibit conference on August 25, 2010, at 10:00 a.m. at the law offices of Erickson, Arbuthnot, 2440 West Shaw, Fresno, California for purposes of pre-marking and examining each other's exhibits and preparing an exhibit list.  All joint exhibits will be pre-marked JX1-JX100; all of the Randy's Trucking Plaintiff's exhibits will be pre-marked with numbers 101-200; all of BNSF Defendant's exhibits will be pre-marked with numbers 201-300; and all of the Amtrak Defendant's exhibits will be pre-marked with numbers 301-400.

2.    Each and every page of each and every exhibit shall be individually Bates-stamped for identification purposes, and paginated with decimals and arabic numerals in seriatim; i.e., 1.1, 1.2, 1.3 . . ..

3.    Following such conference, each counsel shall have possession of four (4) complete, legible sets of exhibits, for use as follows:

a.    Two (2) sets to be delivered to the Courtroom Deputy Clerk, Renee Gaumnitz, no later than 4:00 p.m. on September 3, 2010, an original for the court and one for the witness.

b.    One (1) set to be delivered to counsel for the opposing party and one (1) set to be available for counsel's own use.

1          **4.**    Counsel are to confer to make the following

2     determination as to each of the exhibits proposed to be

3     introduced into evidence and prepare separate indexes, one

4     listing joint exhibits, one listing each party's exhibits:

5               **a.**    Joint exhibits, i.e., any document which both

6     sides desire to introduce into evidence, will be marked as a

7     joint exhibit (JX), and numbered JX1-___.   Joint exhibits shall

8     be listed as such in the exhibit list in a column that notes they

9     are admitted into evidence without further foundation;

10              **b.**    As to any exhibit, not a joint exhibit, to which

11    there is no objection to its introduction into evidence, the

12    exhibit will be marked as Plaintiff's Exhibit ___, or Defendant's

13    Exhibit ___ in evidence, and will be listed in the exhibit list

14    as the exhibit of the offering party;

15              **c.**    The exhibit list shall include columns for noting

16    objections to exhibits.  The first column will list any

17    objections as to foundation; i.e., Plaintiff's Foundation 2 -

18    "not authenticated."

19              **d.**    The exhibit list shall include a second column for

20    noting substantive objections to exhibits based on any other

21    grounds; i.e., "hearsay, improper opinion, irrelevant."

22              **e.**    The exhibit list shall include a description of

23    each exhibit on the left-hand side of the page, and the three

24    columns outlined above (as shown in the example below).

**List of Exhibits**

| | | Admitted | Objection | Other |
|---|---|---|---|---|
| **Exhibit #** | **Description** | **In Evidence** | **To Foundation** | **Objection** |

18

        f.   The completed exhibit list shall be delivered to Renee Gaumnitz CRD on or before September 3, 2010, at 4:00 p.m.

        g.   If originals of exhibits cannot be located, copies may be used, however, the copies <u>must be legible and accurate</u>. If any document is offered into evidence that is partially not legible, the Court <u>sua</u> <u>sponte</u> will exclude it from evidence.

**C.**   **<u>Discovery Documents</u>**.

        1.   Counsel shall file a list of discovery documents with Renee Gaumnitz CRD at the same time and date as the witness and exhibit lists are lodged with her, unless the discovery documents are marked as exhibits, which counsel intend to use at trial by designating by number, the specific interrogatory, request for admission, or other discovery document.  Counsel shall comply with the directions of subsection XII (above) for introduction of the discovery document into evidence.

**D.**   **<u>Motions In Limine</u>**.

        1.   The motions in limine shall be filed by August 9, 2010, and any responses shall be filed by August 20, 2010.  The Court will conduct a hearing on motions in limine in this matter on August 27, 2010, at 12:00 p.m. in Courtroom 3, Seventh Floor, before the Honorable Oliver W. Wanger United States District Judge, at which time all evidentiary objections, to the extent possible, will be ruled upon, and all other matters pertaining to the conduct of the trial will be settled.

**E.**   **<u>Trial Documents</u>**.

        1.   **<u>Exhibits To Be Used With Witness</u>**.  During the trial of the case, it will be the obligation of counsel to provide opposing counsel not less than forty-eight hours before the

1  witness is called to the witness stand, the name of the witness

2  who will be called to testify and to identify to the Court and

3  opposing counsel any exhibit which is to be introduced into

4  evidence through such witness that has not previously been

5  admitted by stipulation or court order or otherwise ruled upon,

6  and to identify all exhibits and other material that will be

7  referred to in questioning of each witness.  If evidentiary

8  problems are anticipated, the parties must notify the court at

9  least twenty-four hours before the evidence will be presented.

10 F.   Counsel's Duty To Aid Court In Jury Voir Dire.

11      1.   Counsel shall submit proposed voir dire questions, if

12 any, to Renee Gaumnitz CRD at rgaumnitz@caed.uscourts.gov on or

13 before September 2, 2010, at 4:00 p.m.  Counsel shall also

14 prepare a joint "statement of the case" which shall be a neutral

15 statement, describing the claims and defenses for prospective

16 jurors, to be used in voir dire.

17      2.   In order to aid the court in the proper voir dire

18 examination of the prospective jurors, counsel are directed to

19 lodge with the Court the day before trial a list of the

20 prospective witnesses they expect to call if different from the

21 list of witnesses contained in the Pre-Trial Order of the Court.

22 Such list shall not only contain the names of the witnesses, but

23 their business or home address to the extent known.  This does

24 not excuse any failure to list all witnesses in the Pre-Trial

25 Order.

26      3.   Counsel shall jointly submit, to Renee Gaumnitz CRD the

27 Friday before trial, a neutral statement of the claims and

28 defenses of the parties for use by the court in voir dire.

**G.    Counsel's Duty To Prepare And Submit Jury Instructions**.

1.    All proposed jury instructions shall be filed and served on or before September 3, 2010, by 4:00 p.m.  Jury instructions shall be submitted in the following format.

2.    Proposed jury instructions, including verdict forms, shall be submitted via e-mail to dpell@caed.uscourts.gov formatted in WordPerfect for Windows X3.  Counsel shall be informed on all legal issues involved in the case.

3.    The parties are required to jointly submit one set of agreed upon jury instructions.  To accomplish this, the parties shall serve their proposed instructions upon the other fourteen days prior to trial.  The parties shall then meet, confer, and submit to the Court the Friday before the trial is to commence, one complete set of agreed-upon jury instructions.

4.    If the parties cannot agree upon any instruction, they shall submit a supplemental set of instructions designated as not agreed upon by September 3, 2010, at 4:00 p.m.

5.    Each party shall file with the jury instructions any objection to non-agreed upon instructions proposed by any other party.  All objections shall be in writing and shall set forth the proposed instruction objected to in its entirety.  The objection should specifically set forth the objectionable matter in the proposed instruction and shall include a citation to legal authority explaining the grounds for the objection and why the instruction is improper.  A concise statement of argument concerning the instruction may be included.  Where applicable, the objecting party shall submit an alternative proposed instruction covering the subject or issue of law.

1    **6.  Format.  The parties shall submit one copy of each**
2    **instruction.  The copy shall indicate the party submitting the**
3    **instruction, the number of the proposed instruction in sequence,**
4    **a brief title for the instruction describing the subject matter,**
5    **the test of the instruction, the legal authority supporting the**
6    **instruction, and a legend in the lower lefthand corner of the**
7    **instruction: "Given," "Given As Modified," "Withdrawn" and**
8    **"Refused" showing the Court's action with regard to each**
9    **instruction and an initial line for the judge's initial in the**
10   **lower right-hand corner of the instruction.  Ninth Circuit Model**
11   **Jury Instructions should be used where the subject of the**
12   **instruction is covered by a model instruction.**

13   **7.  All instruction should be short, concise,**
14   **understandable, and neutral statements of the law.  Argumentative**
15   **or formula instructions will not be given, and should not be**
16   **submitted.**

17   **8.  Parties shall, by italics or underlining, designate any**
18   **modifications of instructions from statutory authority, or any**
19   **pattern instruction such as the Model Circuit Jury Instructions**
20   **or any other source of pattern instructions, and must**
21   **specifically state the modification made to the original form**
22   **instruction and the legal authority supporting the modification.**

23   **9.  Proposed verdict forms shall be jointly submitted or if**
24   **the verdict forms are unagreed upon, each party shall submit a**
25   **proposed verdict form.  Verdict forms shall be submitted to the**
26   **Courtroom Deputy Clerk on the first day of the trial.**

27   **10.  Failure to comply with these rules concerning the**
28   **preparation and submission of instructions and verdict forms may**

1 subject the non-complying party and/or its attorneys to

2 sanctions.

3             XV.   USE OF LAPTOP COMPUTERS/POWERPOINT FOR

4                    PRESENTATION OF EVIDENCE

5       1.    If counsel intends to use a laptop computer for

6 presentation of evidence, they shall contact Renee Gaumnitz CRD

7 at least one week prior to trial.  The Courtroom Deputy Clerk

8 will arrange a time for any attorney to bring any laptop to be

9 presented to someone from the Court's Information Technology

10 Department, who will provide brief training on how the parties'

11 electronic equipment interacts with the court's audio/visual

12 equipment.  If counsel intend to use PowerPoint, the resolution

13 should be set no higher than 1024 x 768 when preparing the

14 presentation.

15      2.   ALL ISSUES CONCERNING AUDIO-VISUAL MATERIALS AND

16 COMPUTER INTERFACE WITH THE COURT'S INFORMATION TECHNOLOGY SHALL

17 BE REFERRED TO THE COURTROOM DEPUTY CLERK.

18              XVI.   FURTHER DISCOVERY OR MOTIONS

19      1.   The Motion to remand Plaintiff cases of Smith and Knott

20 to State Court has been granted.

21                    XVII.   SETTLEMENT

22      1.   The parties conducted an all day mediation with Lee M.

23 Jacobson, Esq., on June 24, 2010.  It was suggested that all

24 claimants against Defendants Randy's Trucking/Sandoval make a

25 joint demand for the insurance policy limits of $3 million.  To

26 date, no such demand has been forthcoming.

27              XVIII.   SEPARATE TRIAL OF ISSUES

28      1.   The issue of liability will be tried in a first

                              23

1  phase of the trial, followed by, if necessary, a damages phase.

2  The two phases shall be tried before the same jury in a

3  continuous trial.

4         XIX.  IMPARTIAL EXPERTS, LIMITATIONS OF EXPERTS

5     1.  Unnecessary.

6            XX.  ATTORNEYS' FEES

7     1.  No attorneys' fees are sought.

8          XXI.  ESTIMATE OF TRIAL TIME

9     1.  Eight days.

10           XXII.  TRIAL DATE

11     1.  September 8, 2010, at 9:00 a.m., in Courtroom 3, on the

12  Seventh Floor.

13     XXIII.  NUMBER OF JURORS AND PEREMPTORY CHALLENGES

14     1.  There are three sides to this case: Randy's Trucking

15  Plaintiffs shall have four peremptory challenges; the Defendants

16  shall share four peremptory challenges.  There will be an eight

17  person jury.

18       XXIV.  AMENDMENT OF FINAL PRETRIAL ORDER

19     1.  The Final Pretrial Order shall be reviewed by the

20  parties and any corrections, additions, and deletions shall be

21  drawn to the attention of the Court immediately.  Otherwise, the

22  Final Pretrial Order may only be amended or modified to prevent

23  manifest injustice pursuant to the provisions of Fed. R. Civ. P.

24  16(e).

25           XXV.  MISCELLANEOUS

26     1.  Protective Order will be sought regarding disclosure of

27  ///

28  ///

"BNSF 7200 903-907 Shafter."

IT IS SO ORDERED.

**Dated:**   **July 30, 2010**                          _____/s/ **Oliver W. Wanger**_____
                                                                    UNITED STATES DISTRICT JUDGE